Marina Lang, Cal. Bar No. 251,087
mlang@socalip.com
Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
SoCal IP Law Group llp
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Rincon Distribution LLC

**United States District Court**

**Central District of California—Western Division**

| | |
|---|---|
| Rincon Distribution LLC<br>　　Plaintiff,<br>　　　v.<br>Dodge Delaware, Inc.<br>　　Defendant. | No.<br>Complaint for Damages and Equitable Relief for (1) Infringement of a Federally Registered Trademark; (2) Violation of 15 U.S.C. § 1125(a); (3) Violation of Unfair Competition Law<br>Jury Trial Demanded |

Plaintiff Rincon Distribution LLC ("Rincon" or "Plaintiff"), for its Complaint against Dodge Delaware, Inc. ("Dodge" or "Defendant"), makes these allegations:

**Nature of the Action**

1. This is an action for infringement of Plaintiff's trademark rights and related unfair competition claims against the Defendant. Specifically, Defendant has wholly adopted Plaintiff's well-known and registered TERRAIN® trademark into its own trademark and trade name. Defendant uses its infringing trademark and trade name to offer services that compete or overlap with the services offered by Plaintiff. Such use is likely to lead to confusion in the marketplace and unlawfully trades off Plaintiff's goodwill and reputation. Defendant's acts amount to trademark infringement and unfair competition and Plaintiff's seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, and other relief authorized under federal and state law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over Plaintiff's related common law of California claims under 28 U.S.C. §§ 1338(b) and 1367 because the state law claims relate to claims for unfair competition.

3. This court has personal jurisdiction over the Defendant because the Defendant does business in California and in this district by advertising and selling goods in this district or by putting goods into the stream of commerce so the goods will be sold in this district and because at least some of the infringing acts that are the subject of this complaint occurred in this state.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and (e) because Defendant is a corporation and is subject to personal jurisdiction in California and/or at least some of the infringing acts that are the subject of this complaint occurred in this state and/or in this district.

## THE PARTIES

5. Plaintiff Rincon Distribution LLC is a California Limited Liability Corporation having its principal place of business at 1717 Palma Drive, Ventura, California.

6. Dodge Delaware Inc. is a Delaware Corporation having its principal place of business at 715 Fountain Avenue, Lancaster, Pennsylvania.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT

7. Plaintiff Rincon manufactures and sell high quality flooring materials such as stone tiles concretes, porcelains, ceramics, glass and other flooring materials. Rincon imports its materials from around the world. Rincon's customers purchase Rin-

con's products for a vast range of building projects, including but not limited to commercial, governmental, institutional, hospitality, medical, restaurant, retail, and residential projects.

8. Since at least as early as January 1, 2012, Rincon has been using the mark TERRAIN® continuously on high quality stone, concretes, porcelains, ceramics, glass and other flooring products in California and outside the state in interstate commerce. Over the past several years, Rincon has built a strong reputation in the flooring industry under the TERRAIN® Mark. In addition, Rincon has devoted substantial resources to promoting the goodwill of its TERRAIN® trademark. As a result, Rincon has developed strong brand recognition in its TERRAIN® Mark, and consumers associate the TERRAIN® brand with Plaintiff's flooring materials.

9. Rincon owns United States Trademark Registration No. 4,940,488, which issued April 19, 2016, for the mark TERRAIN® for Ceramic tiles; Natural stone and stone tile; Paving stone (the TERRAIN® registration). Exhibit 1 is a copy of the registration certificate.

10. Rincon's TERRAIN mark is inherently distinctive or has acquired secondary meaning. Rincon has used the registration symbol "®" consistently with its use of the TERRAIN Mark. Rincon's use of the registration symbol put defendants on notice of the TERRAIN® Mark and subjects defendants to liability for Rincon's lost profits and other damages and for defendants' profits. See 15 U.S.C. § 1111

11. Defendant has wholly adopted Plaintiff's well-known and registered TERRAIN® trademark into its own trademark. Defendant uses its infringing trademark to offer services that compete or overlap with the services offered by Plaintiff. Such use is likely to lead to confusion in the marketplace and unlawfully trades off Plaintiff's goodwill and reputation. Defendant's acts amount to trademark infringement and unfair competition and Plaintiff's seeks injunctive relief, damages, treble damages, and its attorney's fees and costs and other relief authorized under federal and state law.

12. Defendant's objectionable use of the TERRAIN® Mark is likely to cause confusion, to cause mistake, or to deceive the public about the affiliation, connection or association of Defendant with Rincon or on the origin, sponsorship, or approval of Defendant's websites, products or services by Rincon or a single source. Defendant's objectionable use of Plaintiff's mark misappropriates Rincon's extensive goodwill.

13. Defendant knew at all times that marks they used and registered were confusingly similar to the TERRAIN® Mark.

14. On information and belief, Defendant chose and continued using the TERRAIN® Mark to trade on Rincon's goodwill. Defendant's infringement has been and continues to be willful because it knew about Plaintiff's rights and continued infringing.

15. Defendants' acts of trademark infringement have been committed intending to deceive and cause confusion and mistake and were otherwise deliberate, knowing, willful or in bad faith.

16. Rincon demanded that Defendant cease and desist further use of any the TERRAIN® marks, but Defendant refused the demand and continued their infringement.

17. As a proximate and foreseeable result of defendants' infringement, Rincon has been damaged in an amount presently unknown.

18. Rincon has been and will continue to be damaged by Defendant's infringement of the TERRAIN® Mark.

19. Through Defendant's acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at law. Unless the Court restrains Defendants from continuing these wrongful acts, the damage to Rincon will increase.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF LANHAM TRADEMARK ACT § 43(a) (15 U.S.C. § 1125(a))

20. This claim for relief arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127.

21. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338, 15 U.S.C. § 1121(a) and other federal statutes.

22. Rincon incorporates by reference the allegations of paragraphs 1–19.

23. Defendant's conduct constitutes unfair competition, false description, and false designation of origin in violation of the § 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

24. Defendants' conduct alleged in this complaint is likely to cause confusion, deception, or mistake among purchasers, potential purchasers and consumers of Rincon's products in the United States and in California.

25. Defendant's use of TERRAIN® violates 15 U.S.C. § 1125(a) as the use has or is likely to mislead the public and is unfair competition. As a proximate and foreseeable result of defendants' violations of the Lanham Trademark Act, Rincon has been damaged in an amount presently unknown. Defendant may have also unjustly earned profits that but for their acts complained of here, they would not have earned.

26. Defendant is liable for Rincon's damages and defendants' profits.

27. Through Defendant's acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Rincon will increase.

## THIRD CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION

28. This court has subject matter jurisdiction under 28 U.S.C. § 1338(b) because this is a claim for relief of unfair competition joined with a substantial and related claim under the federal trademark laws.

29. Rincon alleges and incorporates by reference the allegations of paragraphs 1–27.

30. Defendant's use of the mark TERRAIN® is an act of unfair competition under California Bus. & Prof. Code §§ 17500–17577.5 because Defendant's conduct is (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, (4) and an "unfair, deceptive, untrue or misleading advertising." Defendant's unlawful use of TERRAIN® violates federal trademark law and it is likely to cause confusion, deception, or mistake among purchasers, potential purchasers and consumers of Rincon's flooring products in the United States and in California.

31. As a proximate and foreseeable result of Defendant's violations of the California unfair competition law, Rincon has been damaged in an amount presently unknown. Defendant may have also unjustly earned profits that but for their acts complained of here, they would not have earned.

32. Defendant is liable for Rincon's damages and defendants' profits.

33. Defendant is guilty of oppression, fraud or malice based upon the acts alleged above. Therefore, defendants are liable to plaintiff for punitive damages.

34. Through Defendant's acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Rincon will increase. Through defendants' acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Rincon will increase.

**DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiff Rincon requests this court issue judgment:

1. Finding that defendant's use of the mark TERRAIN infringed Rincon's registered TERRAIN® trademark because the use is likely to cause confusion, deception and mistake as to the source of the goods with Rincon's use of its trademark.

2. Preliminarily and permanently enjoining defendants, their officers, agents, servants, employees, and attorneys, assigns and all persons in active concert with or participation with it from:

    a. Using the TERRAIN® registered trademark and all other trademarks owned by Rincon recognized at common law;

    b. Using TERRAIN or any other word, phrase or other designation confusingly similar to Rincon's TERRAIN® trademark alone or combined with other words, as a trademark, trade name, service mark, component or otherwise, to advertise or identify defendants or tiles;

    c. Using any domain name or retaining the registration on any domain name that incorporates the words "terrain" or any other term confusingly similar to Rincon's Marks;

    d. Otherwise infringing Rincon's TERRAIN® Mark;

    e. Unfairly competing with Rincon in any manner; or

    f. Causing a likelihood of confusion to Rincon and its marks, symbols, labels, or forms of advertising or promotion.

3. Awarding Rincon damages in an amount to be proved but believed to be at least $100,000.

4. Awarding Rincon defendant unjustly earned profits in an amount to be proved but believed to be at least $100,000.

5. Awarding Rincon enhanced damages (up to treble damages) for defendants' Lanham Trademark Act violations.

6. Awarding Rincon exemplary damages for defendants' California unfair competition law violations.

7. Requiring defendant to deliver up to Rincon's attorneys for destruction all products, literature, advertisements and other material bearing the infringing TERRAIN mark.

8. Requiring defendants, within 30 days after the service of any judgment, to file with this court and serve upon Rincon's attorneys, a written report under oath setting forth the manner in which they have complied with the judgment;

9. Ordering an accounting requiring defendant to pay to Rincon the profits defendant received as compensation for their infringement of Rincon's trademarks, from defendant's initial use of TERRAIN® until judgment.

10. Holding this case to be exceptional and awarding Rincon its reasonable attorney fees under 15 U.S.C. § 1117.

11. Entering any other relief that the court deems proper.

December 14, 2016

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Rincon Distribution LLC

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

December 14, 2016

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Rincon Distribution LLC